IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK T. SPIVEY, individually and )
on behalf of a class of all )
others similarly situated, )
  )
        Plaintiff, )    Civil Action No.
  )    1:04-CV-1912-RWS
   v. )
  )
SOUTHERN COMPANY, et al. )
  )
        Defendants. )
_____)

## CHRISTOPHER C. WOMACK'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Christopher C. Womack hereby answers Plaintiff Mark T. Spivey's "Second Amended Complaint For Violations of ERISA" ("Complaint") as follows:

## FIRST DEFENSE

Responding to the unnumbered paragraph at the top of page 2 of the Complaint, Mr. Womack admits that Plaintiff is a participant in the Southern Company Employee Savings Plan (the "Plan"), but denies the remaining allegations of the unnumbered paragraph.

Mr. Womack responds to the individually numbered paragraphs of the Second Amended Complaint as follows:

ATI-2207636v1

1.

Mr. Womack admits that Plaintiff contends that this lawsuit is brought as a purported class action for alleged violations of the Employee Retirement Income Security Act ("ERISA").  Mr. Womack denies violations of or liability under ERISA, denies that this case is eligible for certification as a class action, and denies the remaining allegations of Paragraph 1.

2.

Mr. Womack admits that Southern Company Services ("SCS") sponsors the Plan and that SCS is a wholly-owned subsidiary of Southern Company ("Southern").  Mr. Womack denies the remaining allegations of Paragraph 2.

3.

Mr. Womack denies the allegations of Paragraph 3.

4.

Mr. Womack admits that Plaintiff is a participant in the Plan, and that some Plan participants, including Plaintiff, received a one-time distribution of shares of Mirant Corporation ("Mirant") stock and thereby acquired a "Mirant Account" in the Plan.  Mr. Womack denies the remaining allegations of Paragraph 4. Responding to the allegations of footnote 1 to Paragraph 4, Mr. Womack admits that Plaintiff attempts to allege that this lawsuit is brought as a class action on

2

behalf of certain participants in the Southern Company Employee Stock Ownership Plan ("ESOP"), but Mr. Womack denies the remaining allegations of footnote 1 to Paragraph 4.

5.

Mr. Womack denies the allegations of Paragraph 5.

6.

Mr. Womack denies the allegations of Paragraph 6.

7.

Mr. Womack admits that some Plan participants received a one-time distribution of shares of Mirant stock as a result of Southern's decision to spin off Mirant, and thereby acquired a Mirant Account in the Plan, but Mr. Womack denies the remaining allegations of Paragraph 7.  Responding to the allegations of footnote 2 to Paragraph 7, the first sentence describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the first sentence contains any factual allegations, Mr. Womack denies them.  Mr. Womack denies the allegations in the second sentence of footnote 2 to Paragraph 7.

3

8.

Mr. Womack admits that the Plan included a closed Mirant Stock Fund and that Mirant filed for bankruptcy in July 2003, but Mr. Womack denies the remaining allegations in the first sentence of Paragraph 8.  Mr. Womack admits the allegations in the second sentence of Paragraph 8.  Mr. Womack admits that when the Complaint was filed, Mirant's common stock price was lower than it was on December 31, 2001, but denies the remaining allegations in the third and fourth sentences of Paragraph 8.

9.

Paragraph 9 consists of legal conclusions to which no response is required, but to the extent Paragraph 9 is deemed to contain any factual allegations, Mr. Womack denies them.

10.

Mr. Womack denies the allegations of Paragraph 10.

11.

Because Plaintiff has failed to exhaust administrative remedies prior to bringing this action, Mr. Womack denies the allegations of Paragraph 11.

ATI-2207636v1

12.

Mr. Womack admits the allegations of Paragraph 12, except Mr. Womack denies that any fiduciary breaches occurred and that Plaintiff is entitled to relief.

13.

Mr. Womack admits that Plaintiff is a participant in the Plan and has a Mirant Account in the Plan.  Mr. Womack denies the remaining allegations of Paragraph 13.

14.

Mr. Womack admits the allegations in the first, third, and fourth sentences of Paragraph 14.  The second sentence of Paragraph 14 describes written documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the second sentence contains any factual allegations, Mr. Womack denies them.

15.

Mr. Womack denies the allegations of Paragraph 15, including the allegations contained in footnote 3 to Paragraph 15.

16.

Mr. Womack admits the allegations in the first, third, and fourth sentences of Paragraph 16.  The second sentence of Paragraph 16 describes documents that

speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the second sentence contains any factual allegations, Mr. Womack denies them.

17.

The first sentence of Paragraph 17 refers to a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; Mr. Womack further denies that Southern filed a Form 5500 and any other factual allegations in the first sentence.  Responding to the second sentence of Paragraph 17, Mr. Womack admits that SCS is the Plan's sponsor, but denies the remaining allegations of Paragraph 17.

18.

Mr. Womack admits that: (a) the SCS Board of Directors appointed the Plan trustee (the "Trustee"); (b) as a matter of Plan design approved by the SCS Board of Directors on or about October 19, 1981, the members of the Pension Fund Investment Review Committee ("PFIRC") consist of those persons occupying certain designated positions with Southern, SCS, or other subsidiaries of Southern; and (c) as a matter of Plan design, the Employee Savings Plan Committee ("ESP Committee") consists of persons serving in certain positions with Southern specified in Section 13.1 of the Plan.  Mr. Womack denies that SCS is a Plan

6

fiduciary with respect to the Plan's holding of Mirant stock, and denies that SCS exercised responsibility for management and administration of the Plan, or the management of the Plan's assets. The remainder of Paragraph 18 contains legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

19.

Mr. Womack admits that: (a) the SCS Board of Directors appointed the Plan Trustee; (b) as a matter of Plan design approved by the SCS Board of Directors on or about October 19, 1981, the members of the PFIRC consist of those persons occupying certain designated positions with Southern, SCS, or other subsidiaries of Southern; and (c) as a matter of Plan design, the ESP Committee consists of persons serving in certain positions with Southern specified in Section 13.1 of the Plan. Mr. Womack denies that the SCS Board is a Plan fiduciary with respect to the Plan's holding of Mirant stock, and denies that the SCS Board exercised responsibility for management and administration of the Plan, or the management of the Plan's assets. The remainder of Paragraph 19 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

20.

Mr. Womack admits the allegations in the first and second sentences of Paragraph 20.  The third sentence of Paragraph 20 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

21.

Mr. Womack admits the allegations in the first and second sentences of Paragraph 21.  The third sentence of Paragraph 21 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

22.

Mr. Womack admits the allegations in the first and third sentences of Paragraph 22 and the allegation in the fourth sentence of Paragraph 22 that David M. Ratcliffe succeeded H. Allen Franklin as CEO and Chairman of Southern in July 2004.  The remainder of Paragraph 22 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

23.

Mr. Womack admits the allegations in the first sentence of Paragraph 23 and the allegation in the third sentence that Mr. Franklin at one time served as Chairman, President and CEO of Southern.  The remainder of Paragraph 23 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

24.

Mr. Womack admits the allegations in the first sentence of Paragraph 24. The remainder of Paragraph 24 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

25.

Paragraph 25 does not contain factual allegations to which a response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

26.

The first sentence of Paragraph 26 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; Mr. Womack further denies that SCS filed a Form 5500 and any other factual

ATI-2207636v1

allegations in the first sentence.  Mr. Womack admits the allegations in the second

sentence of Paragraph 26 and the allegations in the third sentence that: (a) the ESP

Committee is a named fiduciary of the Plan, and (b) ESP Committee members, to a

certain extent and in certain respects, exercise  discretionary authority regarding

the management of the operation and administration of the Plan, but Mr. Womack

denies that the ESP Committee has responsibility regarding the control or

management of the Plan's assets.  The remainder of Paragraph 26, including

footnote 4, consists of legal conclusions and arguments to which no response is

required, but to the extent they contain any factual allegations, Mr. Womack denies

them.

27.

Mr. Womack admits the allegations in the first sentence of Paragraph 27.

The second sentence of Paragraph 27 consists of legal conclusions and arguments

to which no response is required, but to the extent it contains any factual

allegations, Mr. Womack denies them.  Mr. Womack admits, upon information and

belief, that Robert A. Bell signed Southern's Form S-8 filed on July 22, 2002, but

the remainder of the third sentence of Paragraph 27 describes a document that

speaks for itself, and Mr. Womack denies any allegations that are inconsistent with

it and any other factual allegations in the third sentence.

10

28.

Mr. Womack admits the allegations in the first sentence of Paragraph 28.
The second sentence of Paragraph 28 consists of legal conclusions and arguments
to which no response is required, but to the extent it contains any factual
allegations, Mr. Womack denies them.  Responding to the remainder of Paragraph
28, Mr. Womack admits that: (a) W. Dean Hudson was Southern's Comptroller
between April 2, 2001 and the date Plaintiff filed the Second Amended Complaint
(the "Putative Class Period"), (b) Mr. Hudson is a member of the PFIRC, which is
a named fiduciary of the Plan, and (c) upon information and belief, Mr. Hudson
signed the Plan's Form 5500 for the years ending December 31, 2002 and 2001.
The remainder of Paragraph 28 consists of legal conclusions and arguments to
which no response is required, but to the extent it contains any factual allegations,
Mr. Womack denies them.

29.

Mr. Womack admits the allegations in the first sentence of Paragraph 29.
The second sentence of Paragraph 29 consists of legal conclusions and arguments
to which no response is required, but to the extent it contains any factual
allegations, Mr. Womack denies them.  Mr. Womack admits that Ellen N.

11

Lindemann is a member of the PFIRC, which is a named fiduciary of the Plan, but denies the remaining allegations of the third sentence of Paragraph 29.

30.

Mr. Womack admits the allegations in the first sentence of Paragraph 30, except that Mr. Womack was not a member of the ESP Committee after on or about April, 2002 and thus while Mr. Womack denies that the ESP Committee or any of its members is liable to Plaintiff under ERISA, Mr. Womack cannot have liability for any actions taken by the ESP Committee after that date.  The second sentence of Paragraph 30 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.  Mr. Womack admits that he served at one time as a Senior Vice President, Human Resources, of SCS, but denies the remaining allegations in the third sentence of Paragraph 30.

31.

Mr. Womack admits, upon information and belief, the allegations of footnote 5 to Paragraph 31 that Messrs. Womack, Hudson and Womack, and Ms. Lindemann, have at various times served as members of the Employee Stock Ownership Plan Committee.  The remainder of footnote 5 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent

12

with it; however, to the extent the remainder of footnote 5 contains any other factual allegations, Mr. Womack denies them.  Excluding footnote 5, the remainder of Paragraph 31 does not contain factual allegations to which a response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

32.

Mr. Womack admits that as a matter of Plan design, the PFIRC is comprised of the chief financial officer ("CFO") of Southern, the CFOs of certain subsidiaries of Southern, and the Senior Vice-President of Human Administration (now Human Resources) of SCS, but denies the remaining allegations in the first sentence of Paragraph 32.  The second sentence of Paragraph 32 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the second sentence contains any factual allegations, Mr. Womack denies them.  Responding to the third and fourth sentences, Mr. Womack admits that the PFIRC is a named fiduciary of the Plan and has responsibility for establishing and carrying out a funding policy and method for the Plan, consistent with the terms of the Plan and the requirements of ERISA.  The remainder of Paragraph 32 consists of legal conclusions and arguments to which no response is

required, but to the extent it contains any factual allegations, Mr. Womack denies them.

33.

Mr. Womack admits the allegations of the first sentence of Paragraph 33, except that Mr. Elder's proper name is R. Craig Elder.  The second sentence of Paragraph 33 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

34.

Mr. Womack admits that Thomas A. Fanning is the Executive Vice President and CFO of Southern, serves on Southern Company's Management Council, and is a PFIRC member, but denies the remaining allegations of the first and second sentences of Paragraph 34.  The third sentence of Paragraph 34 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

35.

Mr. Womack admits the allegations in the first sentence of Paragraph 35. The second sentence of Paragraph 35 consists of legal conclusions and arguments

to which no response is required, but to the extent it contains any factual

allegations, Mr. Womack denies them.

36.

Mr. Womack admits that Carson B. Harreld is a former member of the

PFIRC, but denies the remaining allegations in the first sentence of Paragraph 36.

The second sentence of Paragraph 36 consists of legal conclusions and arguments

to which no response is required, but to the extent it contains any factual

allegations, Mr. Womack denies them.  Mr. Womack admits the allegations

contained in the third sentence.

37.

Mr. Womack admits that William B. Hutchins, III is a former member of the

PFIRC, but denies the remaining allegations in the first sentence of Paragraph 37.

The second sentence of Paragraph 37 consists of legal conclusions and arguments

to which no response is required, but to the extent it contains any factual

allegations, Mr. Womack denies them.  Mr. Womack admits the allegations

contained in the third sentence.

38.

Mr. Womack admits the allegations in the first sentence of Paragraph 38.

The second sentence of Paragraph 38 consists of legal conclusions and arguments

ATI-2207636v1

to which no response is required, but to the extent it contains any factual

allegations, Mr. Womack denies them.

39.

Mr. Womack admits the allegations in the first, third, and fourth sentences of

Paragraph 39, with the clarification that Ronnie R. Labrato held the positions

designated in the third sentence with Gulf Power Company, a subsidiary of

Southern.  The second sentence of Paragraph 39 consists of legal conclusions and

arguments to which no response is required, but to the extent it contains any factual

allegations, Mr. Womack denies them.

40.

Mr. Womack admits that Michael W. Southern is a former member of the

PFIRC, but denies the remaining allegations in the first sentence of Paragraph 40.

The second sentence of Paragraph 40 consists of legal conclusions and arguments

to which no response is required, but to the extent it contains any factual

allegations, Mr. Womack denies them.  Mr. Womack admits the allegations in the

third sentence of Paragraph 40.

41.

Mr. Womack admits the allegations in the first and third sentences of

Paragraph 41.  The second sentence of Paragraph 41 consists of legal conclusions

16

and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

42.

Mr. Womack admits the allegations in the first sentence of Paragraph 42. The second sentence of Paragraph 42 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

43.

Mr. Womack admits the allegations in the first sentence of Paragraph 43. The second sentence of Paragraph 43 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

44.

Mr. Womack admits the allegations in the first sentence of Paragraph 44. The second sentence of Paragraph 44 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

ATI-2207636v1

45.

Mr. Womack admits the allegations in the first sentence of Paragraph 45. The second sentence of Paragraph 45 and footnote 7 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the second sentence and footnote 7 contain any factual allegations, Mr. Womack denies them.  The third sentence of Paragraph 45 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

46.

Paragraph 46 does not contain factual allegations to which a response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

47.

Mr. Womack admits the allegations in the first sentence of Paragraph 47. The second and third sentences of Paragraph 47 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the second and third sentences contain any factual allegations, Mr. Womack denies them.  The fourth sentence of Paragraph 47

consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

48.

Mr. Womack admits that Merrill Lynch Trust Company, FSB ("Merrill Lynch") acted as Trustee during the Putative Class Period, but denies the remaining allegations in the first sentence of Paragraph 48.  The second sentence of Paragraph 48 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the second sentence contains any factual allegations, Mr. Womack denies them.  The third sentence of Paragraph 48 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

49.

Paragraph 49 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 49 contains any factual allegations, Mr. Womack denies them.

50.

Paragraph 50 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent

ATI-2207636v1

Paragraph 50 contains any factual allegations, Mr. Womack denies them. Responding to footnote 9 of Paragraph 50, Mr. Womack admits the allegations in the first sentence, admits that Southern Energy Resources, Inc. was once a subsidiary of Southern, and admits that on April 2, 2001, Southern spun off Mirant. Mr. Womack denies the remaining allegations of footnote 9.

51.

Paragraph 51, including footnotes 10 and 11, describes documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent Paragraph 51 and footnotes 10 and 11 contain any factual allegations, Mr. Womack denies them.

52.

Mr. Womack admits that most regular full-time and part-time employees of Southern subsidiaries are eligible to participate in the Plan, but denies the remaining allegations in the first sentence of Paragraph 52.  The second sentence of Paragraph 52 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the second sentence contains any factual allegations, Mr. Womack denies them.

53.

Mr. Womack admits that Plan contributions may come from multiple

sources.  The remainder of Paragraph 53 describes documents that speak for

themselves, and Mr. Womack denies any allegations that are inconsistent with

them; however, to the extent the remainder contains any factual allegations, Mr.

Womack denies them.

54.

Paragraph 54 describes documents that speak for themselves, and Mr.

Womack denies any allegations that are inconsistent with them; however, to the

extent Paragraph 54 contains any factual allegations, Mr. Womack denies them.

55.

Paragraph 55 describes documents that speak for themselves, and Mr.

Womack denies any allegations that are inconsistent with them; however, to the

extent Paragraph 55 contains any factual allegations, Mr. Womack denies them.

56.

Mr. Womack admits that on April 2, 2001, Southern spun off Mirant by

distributing to all shareholders of Southern common stock, including persons who

held Southern stock in the Plan, as of 5:00 p.m., Eastern Standard Time, on

March 21, 2001, approximately 0.4 of a share of Mirant common stock for each

outstanding share of Southern common stock.  Mr. Womack further admits that as a matter of Plan design, all Mirant stock received by the Plan was directed into a closed Mirant Stock Fund, but Mr. Womack denies the remaining allegations of the first, second, and third sentences of Paragraph 56.  The fourth sentence of Paragraph 56 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the fourth sentence contains any factual allegations, Mr. Womack denies them.

57.

Mr. Womack admits that the ESOP is an employee benefit plan that is separate from the Plan and that certain employees of certain subsidiaries of Southern are eligible to participate in the ESOP, but denies the remaining allegations of the first sentence of Paragraph 57.  Mr. Womack admits the allegations contained in the second sentence of Paragraph 57.  Mr. Womack admits that shares of Mirant stock transferred from the ESOP to the Plan were held in a subaccount of the Plan's Mirant Stock Fund.  The remaining allegations in the third, fourth, fifth, and sixth sentences of Paragraph 57, and in the first two sentences of footnote 13 to Paragraph 57, describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent they contain any other factual allegations, Mr.

22

Womack denies them.  Responding to the third sentence of footnote 13 to

Paragraph 57, Mr. Womack admits that Plaintiff contends that this lawsuit is

brought as a purported class action against for alleged violations of ERISA, but

denies violations of ERISA or liability under ERISA, denies that this case is

eligible for certification as a class action, and denies the remaining allegations in

the third sentence of footnote 13 to Paragraph 57.

58.

Mr. Womack admits that shares of Mirant stock transferred from the ESOP

to the Plan were held in a subaccount of the Plan's Mirant Stock Fund.  The

remainder of Paragraph 58 describes documents that speak for themselves, and Mr.

Womack denies any allegations that are inconsistent with them; however, to the

extent the remainder contains any factual allegations, Mr. Womack denies them.

59.

Mr. Womack admits that Plan participants could direct holdings out of the

Mirant Stock Fund and into Plan Investment Funds, but denies the remaining

allegations of Paragraph 59.

60.

Mr. Womack admits that on December 31, 2001, the Mirant Stock Fund was valued at approximately $358 million, but denies the remaining allegations of Paragraph 60.

61.

Paragraph 61 describes documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent Paragraph 61 contains any factual allegations, Mr. Womack denies them.

62.

The first, second, and third sentences of Paragraph 62, and footnotes 14 and 15, describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent those portions of Paragraph 62 and footnotes 14 and 15 contain any factual allegations, Mr. Womack denies them.  Responding to the allegations in the fourth sentence of Paragraph 62, Mr. Womack admits that prior to January 13, 2006, the Plan still held Mirant stock, but upon information and belief, those holdings were replaced with new Mirant stock and warrants on or about January 13, 2006.

24

63.

Mr. Womack admits that Plaintiff contends that this lawsuit is brought as a purported class action for alleged violations of ERISA, but Mr. Womack denies violations of ERISA or liability under ERISA, denies that this case is eligible for certification as a class action, and denies the remaining allegations of Paragraph 63.

64.

Responding to footnote 16 of Paragraph 64, Mr. Womack admits that as of December 31, 2001, the Plan comprised approximately 28,000 participants.  The remainder of  Paragraph 64 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

65.

Paragraph 65 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

66.

Paragraph 66 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

67.

Paragraph 67 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

68.

Paragraph 68 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

69.

Paragraph 69 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

70.

The first sentence of Paragraph 70 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual

26

allegations, Mr. Womack denies them.  Mr. Womack admits that the ESP

Committee is a named fiduciary under the Plan.  The remaining allegations of the

second and third sentences of Paragraph 70 describe a document that speaks for

itself, and Mr. Womack denies any allegations that are inconsistent with it;

however, to the extent the remainder of the second and third sentences contains

any factual allegations, Mr. Womack denies them.

71.

Paragraph 71 consists of legal conclusions and arguments to which no

response is required, but to the extent it contains any factual allegations, Mr.

Womack denies them.

72.

Mr. Womack admits that the ESP Committee and the PFIRC are named

fiduciaries of the Plan, and thus had certain fiduciary responsibilities under ERISA,

but Mr. Womack denies that he was a member of the PFIRC, or a member of the

ESP Committee after April, 2002, denies that he was a fiduciary or has ERISA

liability with respect to the Plan's holding of Mirant stock, and denies that

Defendants violated, or have liability under, ERISA.  The remainder of Paragraph

72 consists of legal conclusions and arguments to which no response is required,

but to the extent it contains any factual allegations, Mr. Womack denies them.

73.

Paragraph 73 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

74.

Mr. Womack denies any liability under ERISA.  The remainder of Paragraph 74 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

75.

Mr. Womack admits that the ESP Committee and the PFIRC are named fiduciaries of the Plan, and thus had certain fiduciary responsibilities under ERISA, but Mr. Womack denies that he was a member of the PFIRC, or a member of the ESP Committee after April, 2002, denies that he was a fiduciary or has ERISA liability with respect to the Plan's holding of Mirant stock, and denies that Defendants violated, or have liability under, ERISA.  The remainder of Paragraph 75 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

ATI-2207636v1

76.

Mr. Womack denies the allegations in the first sentence of Paragraph 76.

Mr. Womack admits that as a matter of Plan design, the person holding the

position of Southern's CFO, among others, was a member of PFIRC, and that the

persons holding the following positions with SCS were members of the ESP

Committee: Vice President, System Compensation and Benefits; Senior Vice

President, Human Resources; and Comptroller; but Mr. Womack denies the

remaining allegations in the second sentence.  Mr. Womack admits, upon

information and belief, that the persons holding the positions of Southern's

Chairman and Chief Executive Officer, among others, were members of SCS's

Board and that H. Allen Franklin and David M. Ratcliffe have held those positions

and have been members of the SCS Board, but Mr. Womack denies the remaining

allegations in the third sentence of Paragraph 76.

77.

Mr. Womack denies the allegations of Paragraph 77.

78.

Mr. Womack denies the allegations of Paragraph 78.

ATI-2207636v1

79.

Mr. Womack admits the allegations in the first sentence of Paragraph 79.

Mr. Womack admits that SCS entered into a Trust Agreement with the Trustee to

hold the funds necessary to provide the benefits set forth in the Plan and that SCS

had the powers provided under the Trust Agreement to remove or replace the

Trustee, but denies the remaining allegations in the second sentence.  The third

sentence describes a document that speaks for itself, and Mr. Womack denies any

allegations that are inconsistent with it; however, to the extent the third sentence

contains any factual allegations, Mr. Womack denies them.  Mr. Womack denies

the allegations in the fourth sentence.

80.

Paragraph 80 describes a document that speaks for itself, and Mr. Womack

denies any allegations that are inconsistent with it; however, to the extent

Paragraph 80 contains any factual allegations, Mr. Womack denies them.

81.

Mr. Womack denies the allegations of Paragraph 81.

82.

Mr. Womack admits that SCS entered into a Trust Agreement with the

Trustee to hold the funds necessary to provide the benefits set forth in the Plan and

30

that SCS had the powers provided under the Trust Agreement to remove or replace the Trustee, but Mr. Womack denies the remaining allegations of Paragraph 82.

83.

Mr. Womack admits, upon information and belief, that the PFIRC reported from time to time to the SCS Board and/or the Audit Committee of the SCS Board. The remaining allegations in the first sentence of Paragraph 83 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the first sentence of Paragraph 83 contains any other factual allegations, Mr. Womack denies them.  Mr. Womack admits that, as a matter of Plan design approved by the SCS Board of Directors on or about October 19, 1981, the members of the PFIRC consist of those persons occupying certain designated positions with Southern, SCS, or other subsidiaries of Southern, but denies the remaining allegations of the second sentence of Paragraph 83.  Footnote 17 to Paragraph 83 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

84.

Mr. Womack denies the allegations of Paragraph 84.

85.

Paragraph 85 describes documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent Paragraph 85 contains any factual allegations, Mr. Womack denies them.

86.

Mr. Womack denies the allegations in the first sentence of Paragraph 86. The second sentence of Paragraph 86 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 86 contains any factual allegations, Mr. Womack denies them.

87.

Mr. Womack admits that the ESP Committee has responsibility to administer the Plan, which includes communicating with participants and providing participants with information required by the Plan or under ERISA, but Mr. Womack denies the remaining allegations in the first sentence of Paragraph 87.  The second sentence in Paragraph 87 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the second sentence in Paragraph 87 contains any factual allegations, Mr. Womack denies them.

ATI-2207636v1

88.

Mr. Womack admits that the ESP Committee is a named fiduciary of the Plan and that the ESP Committee, to a certain extent and in certain respects, exercised discretionary authority regarding the management of the operation and administration of the Plan, but denies that the ESP Committee had responsibility or authority regarding the control or management of the Plan's assets.  The remainder of Paragraph 88 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

89.

Mr. Womack admits that the PFIRC is a named fiduciary of the Plan and has responsibility for establishing and carrying out a funding policy and method for the Plan consistent with the terms of the Plan and the requirements of ERISA.  The remainder of Paragraph 89 describes documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the remainder contains any factual allegations, Mr. Womack denies them.

90.

Mr. Womack admits that the PFIRC is a named fiduciary of the Plan and has responsibility for establishing and carrying out a funding policy and method for the

ATI-2207636v1

Plan consistent with the terms of the Plan and the requirements of ERISA.  The

remainder of Paragraph 90 describes documents that speak for themselves, and Mr.

Womack denies any allegations that are inconsistent with them; however, to the

extent the remainder contains any factual allegations, Mr. Womack denies them.

94.

Mr. Womack admits that the PFIRC is a named fiduciary of the Plan and has

responsibility for establishing and carrying out a funding policy and method for the

Plan consistent with the terms of the Plan and the requirements of ERISA, but Mr.

Womack denies the remaining allegations of Paragraph 91.

92.

Mr. Womack admits that the PFIRC is authorized but not required to appoint

an Investment Manager as that term is defined in ERISA to have responsibility for

the management of the assets of the Plan or some part thereof.  The remainder of

Paragraph 92 describes a document that speaks for itself, and Mr. Womack denies

any allegations that are inconsistent with it; however, to the extent the remainder

contains any factual allegations, Mr. Womack denies them.

93.

Mr. Womack admits that the PFIRC is a named fiduciary of the Plan and has

responsibility for establishing and carrying out a funding policy and method for the

Plan consistent with the terms of the Plan and the requirements of ERISA, but Mr.
Womack denies, upon information and belief, that the PFIRC had or exercised
discretionary authority or management of the administration of the Plan.  The
remainder of Paragraph 93 consists of legal conclusions and arguments to which
no response is required, but to the extent it contains any factual allegations, Mr.
Womack denies them.

94.

Mr. Womack admits that Merrill Lynch served as Trustee of the Plan.  The
remainder of Paragraph 94 describes a document that speaks for itself, and Mr.
Womack denies any allegations that are inconsistent with it; however, to the extent
the remainder contains any factual allegations, Mr. Womack denies them.

95.

Paragraph 95 consists of legal conclusions and arguments to which no
response is required, but to the extent it contains any factual allegations, Mr.
Womack denies them.

96.

The allegations in the first and second sentences of Paragraph 96 describe a
document that speaks for itself, and Mr. Womack denies any allegations that are
inconsistent with it; however, to the extent the first and second sentences contain

35

any factual allegations, Mr. Womack denies them.  The third and fourth sentences of Paragraph 96 consist of legal conclusions and arguments to which no response is required, but to the extent those sentences contain any factual allegations, Mr. Womack denies them.

97.

The allegations in the first and third sentences of Paragraph 97 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent those sentences contain any factual allegations, Mr. Womack denies them.  Mr. Womack denies the allegations in the second and fourth sentences of Paragraph 97.

98.

Paragraph 98 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 98 contains any factual allegations, Mr. Womack denies them.

99.

Mr. Womack, upon information and belief, denies that Merrill Lynch exercised discretionary authority with respect to the Plan, or any authority and control with respect to the management and disposition of the Plan's assets.  The remainder of Paragraph 99 consists of legal conclusions and arguments to which

36

no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

## 100.

The allegations in the first sentence of Paragraph 100 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the first sentence contains any factual allegations, Mr. Womack denies them. The second sentence consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

## 101.

Mr. Womack admits that Southern spun off Mirant effective April 2, 2001, but denies the remaining allegations of Paragraph 101.

## 102.

Mr. Womack admits that in the early 1980s, Southern Electric International was formed as a wholly-owned subsidiary of Southern, but Mr. Womack denies the remaining allegations in the first sentence and the remaining allegations of Paragraph 102, including footnote 18.

## 103.

Mr. Womack denies the allegations of Paragraph 103.

ATI-2207636v1

104.

Mr. Womack admits that Southern Energy Inc.'s Initial Public Offering ("IPO"), which closed on October 2, 2000, resulted in the sale of approximately 20% of SEI's outstanding common stock and generated proceeds to SEI of approximately $1.8 billion, but Mr. Womack denies the remaining allegations in the first and second sentences of Paragraph 104.  The third sentence of Paragraph 104 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the third sentence contains any factual allegations, Mr. Womack denies them.

105.

Mr. Womack admits that on approximately January 19, 2001, SEI changed its name to Mirant Corporation, but denies the remaining allegations in the first sentence of Paragraph 105.  Mr. Womack admits the allegations in the second and third sentences of Paragraph 105.

106.

Mr. Womack admits the allegations of Paragraph 106.

107.

Paragraph 107 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 107 contains any factual allegations, Mr. Womack denies them.

108.

Paragraph 108 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 108 contains any factual allegations, Mr. Womack denies them.

109.

Paragraph 109 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 109 contains any factual allegations, Mr. Womack denies them.

110.

Mr. Womack denies the allegations in the first sentence of Paragraph 110. Mr. Womack admits that certain former executives of Southern and SCS took positions with Mirant, but Mr. Womack denies the remaining allegations in the second sentence of Paragraph 110.  The remainder of Paragraph 110, including footnote 19, describe documents that speak for themselves, and Mr. Womack

denies any allegations that are inconsistent with them; however, to the extent the remainder contains any factual allegations, Mr. Womack denies them.

111.

Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111.

112.

The allegations in the first sentence of Paragraph 112 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the first sentence contains any factual allegations, Mr. Womack denies them.  Mr. Womack admits the allegations in the second sentence of Paragraph 112 and in footnote 20.

113.

The allegations of Paragraph 113 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 113 contains any factual allegations, Mr. Womack is without knowledge or information sufficient to form a belief as to the truth of them.

114.

Mr. Womack denies the allegations of Paragraph 114.

115.

The allegations of Paragraph 115 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 115 contains any factual allegations, Mr. Womack denies them.

116.

Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 116 and in the second sentence, to the extent the second sentence relates to the financial statements of Mirant released after April 2, 2001.  Mr. Womack denies the allegations of the second sentence to the extent that sentence relates to the financial statements of Southern.  The remainder of Paragraph 116 consists of legal conclusions and arguments to which no response is required, but to the extent it contains other factual allegations, Mr. Womack denies them.

117.

Mr. Womack denies the allegations of Paragraph 117.

118.

Mr. Womack admits that at one time, SEI's business operations included energy trading, that A.W. Dahlberg, for a time, served as Chairman and CEO of

41

Southern, and that, upon information and belief, the statement attributed to Mr.

Dahlberg is an incomplete portion of a written statement he made.  Mr. Womack

further admits the allegations in footnote 21 to Paragraph 118.  The remainder of

Paragraph 118 describes a document that speaks for itself, and Mr. Womack denies

any allegations that are inconsistent with it; however, to the extent the remainder

contains any factual allegations, Mr. Womack denies them.

119.

To the extent that Paragraph 119 relates to Mirant's business plan prior to

April 2, 2001, Mr. Womack denies the allegations.  To the extent that Paragraph

119 relates to Mirant's business plan on or after April 2, 2001, Mr. Womack lacks

knowledge or information sufficient to form a belief as to the truth of the

allegations.  The remainder of Paragraph 119 consists of legal conclusions and

arguments to which no response is required, but to the extent it contains other

factual allegations, Mr. Womack denies them.

120.

To the extent that Paragraph 120 relates to Southern or Mirant prior to

April 2, 2001, Mr. Womack denies the allegations.  To the extent that Paragraph

120 relates to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or

information sufficient to form a belief as to the truth of the allegations.

42

121.

Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122.

Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122.

123.

Mr. Womack admits that Southern held approximately 80% of the outstanding common stock of Mirant between Mirant's IPO and spin-off.  Mr. Womack denies the remaining allegations of Paragraph 123.

124.

Mr. Womack denies the allegations in the first sentence of Paragraph 124. The allegations in the second sentence describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the second sentence contains any factual allegations, Mr. Womack denies them.  Mr. Womack admits, upon information and belief, the allegations in the third sentence of Paragraph 124.

125.

Mr. Womack admits, upon information and belief, that the statement attributed to Mirant on March 2, 2001, is an incomplete portion of a written statement made by Mirant and that Southern held approximately 80% of the outstanding common stock of Mirant as of that date.  The remaining allegations of Paragraph 125 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 125 contains other factual allegations, Mr. Womack denies them.

126.

Mr. Womack admits, upon information and belief and based solely on publicly-available information, that Mirant was the subject of one or more investigations and legal claims relating to its California operations.  To the extent that the remainder of Paragraph 126 describes documents, those documents speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent Paragraph 126 contains other factual allegations, Mr. Womack lacks knowledge or information sufficient to form a belief as to their truth.

127.

Mr. Womack admits, upon information and belief and based solely on publicly-available information, that Mirant was the subject of one or more investigations and legal claims relating to its California operations. To the extent that the remainder of Paragraph 127 describes documents, those documents speak for themselves, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 127 contains other factual allegations, Mr. Womack lacks knowledge or information sufficient to form a belief as to their truth.

128.

Mr. Womack admits, upon information and belief and based solely on publicly-available information, that Mirant was the subject of one or more investigations and legal claims relating to its California operations. The remainder of Paragraph 128 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the remainder contains any factual allegations, Mr. Womack denies them.

129.

Mr. Womack denies the allegations in the first sentence of Paragraph 129 to the extent they pertain to Mirant before April 2, 2001, and Mr. Womack lacks

45

knowledge or information sufficient to form a belief as to the truth of those

allegations to the extent they pertain to Mirant on or after April 2, 2001.  The

allegations in the second sentence describe a document that speaks for itself, and

Mr. Womack denies any allegations that are inconsistent with it; however, to the

extent the second sentence contains any factual allegations, Mr. Womack denies

them.

130.

The allegations of Paragraph 130 describe documents that speak for

themselves, and Mr. Womack denies any allegations that are inconsistent with

them. To the extent those documents or Paragraph 130 contains factual allegations

pertaining to Mirant before April 2, 2001, Mr. Womack denies them.  To the extent

the documents or Paragraph 130 contains factual allegations pertaining to Mirant

on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient

to form a belief as to the truth of those allegations.

131.

The allegations of Paragraph 131 describe documents that speak for

themselves, and Mr. Womack denies any allegations that are inconsistent with

them. To the extent those documents or Paragraph 131 contains factual allegations

pertaining to Mirant before April 2, 2001, Mr. Womack denies them.  To the extent

the documents or Paragraph 131 contains factual allegations pertaining to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

132.

Mr. Womack admits, upon information and belief and based solely on publicly-available information, that after April 2, 2001, Mirant publicly disclosed that it was the subject of an inquiry by the United States Securities and Exchange Commission.  The remainder of Paragraph 132 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it.  To the extent that document or the remainder of Paragraph 132 contains factual allegations pertaining to Mirant before April 2, 2001, Mr. Womack denies them. To the extent that document or the remainder of Paragraph 132 contains factual allegations pertaining to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

133.

Paragraph 133 describes a document that speaks for itself pertaining to Mirant after April 2, 2001, and Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

ATI-2207636v1

134.

The allegations of Paragraph 134 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them. To the extent those documents or Paragraph 134 contains factual allegations pertaining to Mirant before April 2, 2001, Mr. Womack denies them.  To the extent the documents or Paragraph 134 contains factual allegations pertaining to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

135.

Mr. Womack admits, upon information and belief, that Southern issued a press release on or about November 12, 2002 regarding, in part, a grand jury subpoena it received from the United States District Court for the Northern District of California.  The remaining allegations of Paragraph 135 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 135 contains other factual allegations, Mr. Womack denies them.

136.

The allegations of Paragraph 136 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with

them. To the extent those documents or Paragraph 136 contains factual allegations pertaining to Mirant before April 2, 2001, Mr. Womack denies them.  To the extent the documents or Paragraph 136 contains factual allegations pertaining to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

137.

The allegations of Paragraph 137 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them. To the extent those documents or Paragraph 137 contains factual allegations pertaining to Mirant before April 2, 2001, Mr. Womack denies them.  To the extent the documents or Paragraph 137 contains factual allegations pertaining to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

138.

Mr. Womack admits that: Mirant released its audited year-end financial statements for 2002 on or about May 1, 2003, which reflected a loss for the period; Mirant restated its earnings for 2000 and 2001; and Mirant's auditors, KPMG LLP, publicly stated concerns regarding Mirant.  The remaining allegations of Paragraph 138: (a) describe documents that speak for themselves, and Mr. Womack denies

49

any allegations that are inconsistent with them, and (b) consist of legal conclusions and arguments to which no response is required.  To the extent the remaining allegations of Paragraph 138 or the documents described contain factual allegations pertaining to Mirant before April 2, 2001, Mr. Womack denies them. To the extent the remaining allegations of Paragraph 138 or the documents described contain factual allegations pertaining to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

139.

Paragraph 139 consists of arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

140.

The first sentence of Paragraph 140 consists of arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.  Mr. Womack admits the allegations in the second sentence. The allegations in the third sentence describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the document or the third sentence contains any factual allegations, Mr.

ATI-2207636v1

Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Mr. Womack admits, upon information and belief, the allegations in the fourth sentence.  Mr. Womack denies the allegations in the fifth sentence.

141.

Mr. Womack admits, upon information and belief and based solely on publicly-available information, that Mirant informed participants in its own defined contribution savings plan that it had decided to sell the Mirant stock held in the Mirant plan.  The remaining allegations of Paragraph 141 and the first sentence of footnote 22 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them.  To the extent the documents, the remainder of Paragraph 141, or the first sentence of footnote 22 contain factual allegations pertaining to Mirant on or after April 2, 2001, Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations in footnote 22 describe a complaint filed by Mirant against Southern in connection with Mirant's bankruptcy proceedings; the complaint speaks for itself as to its allegations, and Mr. Womack references and adopts Southern's answer and other responses to that complaint as if fully set forth here.

51

142.

Mr. Womack admits that the Mirant Stock Fund remained a closed Plan fund in accordance with the terms of the Plan, but denies the remaining allegations of Paragraph 142.

143.

Mr. Womack admits that through a letter dated November 12, 2002, Plan participants were notified of changes related to the Plan effective December 2002, more fully explained in the associated Plan documents, including the creation of a Self-Directed Option ("SDO"), which allowed participants to access more than 700 mutual funds plus individual stocks.  Mr. Womack admits that no provision of the SDO prohibited the purchase of Mirant stock if a participant using the SDO option elected to purchase Mirant stock.  The remainder of Paragraph 143 and footnote 23 describe a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the remainder contains other factual allegations, Mr. Womack denies them, except that Mr. Womack admits, upon information and belief, that trading in Mirant stock on November 12, 2002 closed at $1.78 per share.

144.

Mr. Womack admits that the changes to the Plan investment options described in the letter dated November 12, 2002 (attached as Exhibit B to the Complaint) were selected and recommended by the PFIRC, which, at the time, upon information and belief, included Gale E. Klappa, who was then the CFO of Southern, and Ms. Lindemann. The remainder of Paragraph 144 describes a document that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent the remainder contains other factual allegations, Mr. Womack denies them.

145.

The allegations of Paragraph 145 describe a document attached as Exhibit E to the Complaint that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 145 contains any factual allegations, Mr. Womack denies them.

146.

Mr. Womack denies the allegations of Paragraph 146.

147.

Mr. Womack admits that during the Putative Class Period, publicly-available information existed regarding Mirant's business operations and events potentially

impacting them, which was available to Plan participants and to Defendants.  Mr. Womack denies the remaining allegations of Paragraph 147.

148.

Mr. Womack admits, upon information belief, that between April 2, 2001 and the date when Mirant filed for bankruptcy protection, Mirant's stock price traded within a range of approximately $2 and $47.  Mr. Womack denies the remaining allegations of Paragraph 148.

149.

Mr. Womack denies the allegations of Paragraph 149.

150.

Mr. Womack admits that during the Putative Class Period, Merrill Lynch was the Plan Trustee, and the PFIRC was a named fiduciary of the Plan with responsibility for establishing and carrying out a funding policy and method for the Plan consistent with the terms of the Plan and the requirements of ERISA.  Mr. Womack denies the remaining allegations of Paragraph 150.

151.

Mr. Womack denies the allegations of Paragraph 151.

152.

Mr. Womack denies the allegations of Paragraph 152.

ATI-2207636v1

153.

Mr. Womack denies the allegations of Paragraph 153.

154.

Mr. Womack denies the allegations of Paragraph 154.

155.

Mr. Womack denies the allegations of Paragraph 155.

156.

Mr. Womack admits that the ESP Committee is a named fiduciary of the Plan and that ESP Committee members, to a certain extent and in certain respects, exercised discretionary authority regarding the management of the operation and administration of the Plan, but had no responsibility regarding the control or management of the Plan's assets.  The remainder of Paragraph 156 consists of legal conclusions and arguments to which no response is required and describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the remainder of Paragraph 156 contains any factual allegations, Mr. Womack denies them.

157.

The allegations of Paragraph 157 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with

them; however, to the extent Paragraph 157 contains any factual allegations, Mr. Womack denies them.

158.

The allegations of Paragraph 158 describe a document attached as Exhibit F to the Complaint that speaks for itself, and Mr. Womack denies any allegations that are inconsistent with it; however, to the extent Paragraph 158 contains any factual allegations, Mr. Womack denies them.

159.

Mr. Womack admits that SCS and the Trustee communicated with Plan participants regarding Mirant and the location of sources of publicly-available information regarding Mirant, in a manner consistent with the Plan and ERISA. The remaining allegations of the first sentence of Paragraph 159 describe documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the first sentence of Paragraph 159 contains other factual allegations, Mr. Womack denies them.  Mr. Womack admits that the ESP Committee was a named fiduciary of the Plan, but the remaining allegations of the second sentence consist of legal conclusions and arguments to which no response is required; however, to the extent the second sentence contains any factual allegations, Mr. Womack denies them.

160.

Mr. Womack admits that the PFIRC and ESP Committee are named fiduciaries of the Plan, but denies the remaining allegations of Paragraph 160.

161.

Mr. Womack admits that the ESP Committee is a named fiduciary of the Plan, but denies the remaining allegations of Paragraph 161.

162.

Mr. Womack admits that during the Putative Class Period, a portion of compensation paid to certain officers and directors of subsidiaries of Southern consisted of stock options in Southern stock.  The remainder of Paragraph 162 describes documents that speak for themselves, and Mr. Womack denies any allegations that are inconsistent with them; however, to the extent the remainder contains any factual allegations, Mr. Womack denies them.

163.

Mr. Womack admits that all owners of record of Southern stock as of 5:00 p.m. on March 21, 2001, received shares of Mirant stock as a result of the spin-off. Mr. Womack lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 163.

ATI-2207636v1

164.

Mr. Womack denies the allegations of Paragraph 164.

165.

Mr. Womack denies the allegations of Paragraph 165, including footnote 24.

166.

Mr. Womack denies the allegations of Paragraph 166.

167.

Mr. Womack admits that: (a) the SCS Board of Directors appointed the Plan Trustee; (b) as a matter of Plan design approved by the SCS Board of Directors on or about October 19, 1981, the members of the PFIRC consist of those persons occupying certain designated positions with Southern, SCS, or other subsidiaries of Southern; and (c) as a matter of Plan design, the ESP Committee consists of persons serving in certain positions with Southern specified in Section 13.1 of the Plan.  Mr. Womack denies, upon information and belief, that Southern, SCS, or the SCS Board exercised responsibility for management and administration of the Plan, or the management of the Plan's assets, and denies the remaining allegations of Paragraph 167.

168.

Mr. Womack admits that: (a) the SCS Board of Directors appointed the Plan Trustee; (b) as a matter of Plan design approved by the SCS Board of Directors on or about October 19, 1981, the members of the PFIRC consist of those persons occupying certain designated positions with Southern, SCS, or other subsidiaries of Southern; and (c) as a matter of Plan design, the ESP Committee consists of persons serving in certain positions with Southern specified in Section 13.1 of the Plan.  Mr. Womack denies, upon information and belief, that Southern, SCS, or the SCS Board exercised responsibility for management and administration of the Plan, or the management of the Plan's assets.  The remainder of Paragraph 168 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

169.

Mr. Womack denies the allegations of Paragraph 169.

170.

Paragraph 170 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

ATI-2207636v1

171.

Paragraph 171 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

172.

Paragraph 172 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

173.

Paragraph 173 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

174.

Paragraph 174 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

175.

Paragraph 175 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr.

ATI-2207636v1

Womack denies them and denies that Plaintiff is entitled to relief against Defendants.

176.

Paragraph 176 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.  Moreover, Paragraph 176 attempts to assert allegations and claims that the Court dismissed by Order dated October 4, 2005.

177.

Mr. Womack denies the allegations of Paragraph 177.  Moreover, Paragraph 177 attempts to assert allegations and claims that the Court dismissed by Order dated October 4, 2005.

178.

Paragraph 178 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them and denies that Plaintiff is entitled to relief against Defendants.  Moreover, Paragraph 178 attempts to assert allegations and claims that the Court dismissed by Order dated October 4, 2005.

ATI-2207636v1

179.

Paragraph 179 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them and denies that Plaintiff is entitled to relief against Defendants.  Moreover, Paragraph 179 attempts to assert allegations and claims that the Court dismissed by Order dated October 4, 2005.

## **COUNT I**

180.

Mr. Womack incorporates the responses to the allegations contained in the previous paragraphs of this Answer as if fully set forth here.

181.

Mr. Womack admits that the ESP Committee and the PFIRC are named fiduciaries of the Plan, and thus had certain fiduciary responsibilities under ERISA, but Mr. Womack denies that he was a member of the PFIRC, or a member of the ESP Committee after April, 2002, and denies that he was a fiduciary with respect to the Plan's holding of Mirant stock.  The remainder of Paragraph 181 consists of legal conclusions and arguments to which no response is required, but to the extent the remainder contains any factual allegations, Mr. Womack denies them.

182.

Mr. Womack admits that the ESP Committee and the PFIRC are named fiduciaries of the Plan, and thus had certain fiduciary responsibilities under ERISA, but Mr. Womack denies that he was a member of the PFIRC, or a member of the ESP Committee after April, 2002, and denies that he was a fiduciary with respect to the Plan's holding of Mirant stock. The remainder of Paragraph 182 consists of legal conclusions and arguments to which no response is required, but to the extent the remainder contains any factual allegations, Mr. Womack denies them.

183.

Mr. Womack admits that the Plan contained the Mirant Stock Fund, but denies the remaining allegations of Paragraph 183.

184.

Mr. Womack denies the allegations of Paragraph 184.

185.

Mr. Womack denies the allegations of Paragraph 185.

186.

Paragraph 186 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

187.

Mr. Womack denies the allegations of Paragraph 187.

188.

The first, second, and third sentences in Paragraph 188 consist of legal conclusions and arguments to which no response is required, but to the extent those sentences contain any factual allegations, Mr. Womack denies them.  Mr. Womack denies the allegations in the fourth and fifth sentences in Paragraph 188.

189.

Mr. Womack denies the allegations of Paragraph 189.

190.

Mr. Womack denies the allegations of Paragraph 190.

191.

Mr. Womack denies the allegations of Paragraph 191.

192.

Paragraph 192 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them and denies that Plaintiff is entitled to relief against Defendants.

ATI-2207636v1

## COUNT II

193.

Mr. Womack incorporates the responses to the allegations contained in the previous paragraphs of this Answer as if fully set forth here.

194.

Mr. Womack admits that the ESP Committee and the PFIRC are named fiduciaries of the Plan, and thus had certain fiduciary responsibilities under ERISA, but Mr. Womack denies that he was a member of the PFIRC, or a member of the ESP Committee after April, 2002, and denies that he was a fiduciary with respect to the Plan's holding of Mirant stock.  The remainder of Paragraph 194 consists of legal conclusions and arguments to which no response is required, but to the extent the remainder contains any factual allegations, Mr. Womack denies them.

195.

Mr. Womack admits that: (a) the SCS Board of Directors appointed the Plan Trustee; (b) as a matter of Plan design approved by the SCS Board of Directors on or about October 19, 1981, the members of the PFIRC consist of those persons occupying certain designated positions with Southern, SCS, or other subsidiaries of Southern; and (c) as a matter of Plan design, the ESP Committee consists of persons serving in certain positions with Southern specified in Section 13.1 of the

Plan.  Mr. Womack denies, upon information and belief, that Southern, SCS, or the

SCS Board exercised responsibility for management and administration of the

Plan, or the management of the Plan's assets.  The remainder of Paragraph 195

consists of legal conclusions and arguments to which no response is required, but

to the extent the remainder contains any factual allegations, Mr. Womack denies

them.

196.

Paragraph 196 consists of legal conclusions and arguments to which no

response is required, but to the extent it contains any factual allegations, Mr.

Womack denies them.

197.

Paragraph 197 consists of legal conclusions and arguments to which no

response is required, but to the extent it contains any factual allegations, Mr.

Womack denies them.

198.

Paragraph 198 consists of legal conclusions and arguments to which no

response is required, but to the extent it contains any factual allegations, Mr.

Womack denies them.

199.

Mr. Womack denies the allegations of Paragraph 199.

200.

Mr. Womack denies the allegations of Paragraph 200.

201.

Mr. Womack denies the allegations of Paragraph 201.

202.

Mr. Womack denies the allegations of Paragraph 202.

203.

Mr. Womack denies the allegations of Paragraph 203.  Moreover, Paragraph 203 attempts to assert claims for relief that the Court dismissed by Order dated October 4, 2005.

## COUNT III

204.

Mr. Womack incorporates the responses to the allegations contained in the previous paragraphs of this Answer as if fully set forth here.

205.

Mr. Womack admits that the ESP Committee and the PFIRC are named fiduciaries of the Plan, and thus had certain fiduciary responsibilities under ERISA,

but Mr. Womack denies that he was a member of the PFIRC, or a member of the ESP Committee after April, 2002, and denies that he was a fiduciary with respect to the Plan's holding of Mirant stock.  The remainder of Paragraph 205 consists of legal conclusions and arguments to which no response is required, but to the extent the remainder contains any factual allegations, Mr. Womack denies them.

206.

Mr. Womack admits that the ESP Committee and the PFIRC are named fiduciaries of the Plan, and thus had certain fiduciary responsibilities under ERISA, but Mr. Womack denies that he was a member of the PFIRC, or a member of the ESP Committee after April, 2002, and denies that he was a fiduciary with respect to the Plan's holding of Mirant stock.  The remainder of Paragraph 206 consists of legal conclusions and arguments to which no response is required, but to the extent the remainder contains any factual allegations, Mr. Womack denies them.

207.

Paragraph 207 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

208.

Mr. Womack denies the allegations of Paragraph 208.

209.

Mr. Womack denies the allegations of Paragraph 209.

210.

Mr. Womack denies the allegations of Paragraph 210.  Moreover, Paragraph

210 attempts to assert claims for relief that the Court dismissed by Order dated

October 4, 2005.

211.

Mr. Womack denies the allegations of Paragraph 211.

212.

Mr. Womack denies the allegations of Paragraph 212.

213.

Mr. Womack denies the allegations of Paragraph 213.

214.

Mr. Womack denies the allegations of Paragraph 214.

215.

Mr. Womack denies the allegations of Paragraph 215.

ATI-2207636v1

216.

Mr. Womack denies the allegations of Paragraph 216.  Moreover, Paragraph 216 attempts to assert claims for relief that the Court dismissed by Order dated October 4, 2005.

217.

Mr. Womack denies the allegations of Paragraph 217.

218.

Mr. Womack denies the allegations of Paragraph 218.

219.

Mr. Womack denies the allegations of Paragraph 219.

220.

Paragraph 220 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

221.

Paragraph 221 consists of legal conclusions and arguments to which no response is required, but to the extent it contains any factual allegations, Mr. Womack denies them.

222.

Mr. Womack denies the allegations of Paragraph 222.  Moreover, Paragraph 222 attempts to assert claims for relief that the Court dismissed by Order dated October 4, 2005.

223.

Mr. Womack denies that Plaintiff is entitled to the relief alleged in the "Prayer For Relief" on pages 85-86 of the Second Amended Complaint.  In addition, Plaintiff is not entitled to the forms of relief that were dismissed in the Court's October 4, 2005 Order: "[a] declaration that Defendants, and each of them, are not entitled to the protection of ERISA § 404(c)(1)(B)"; "[i]mposition of a constructive trust"; "[a]n order enjoining Defendants, and each of them, from any further violations of ERISA fiduciary obligations"; and "equitable restitution and other appropriate equitable monetary relief against the Defendants."  (Prayer for Relief (B), (D), (E), & (I).)

224.

Mr. Womack denies each and every allegation or claim not otherwise specifically addressed in this Answer.

ATI-2207636v1

## SECOND DEFENSE

Plaintiff failed to exhaust available administrative remedies before filing this action and has not and cannot allege that resort to such administrative remedies would have been futile, or that the potential remedy would have been inadequate.

## THIRD DEFENSE

Because Plaintiff has failed to exhaust administrative remedies prior to bringing this action, this Court lacks subject matter jurisdiction over Plaintiff's ERISA claims.

## FOURTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Mr. Womack or any other Defendant and repeats allegations dismissed by the Court's Order of October 4, 2005.

## FIFTH DEFENSE

Plaintiff's claims against Mr. Womack are barred because he was not a fiduciary with respect to the Plan's holding of Mirant stock, did not have fiduciary or co-fiduciary responsibility for the acts or omissions alleged in the Second Amended Complaint, and was not a fiduciary under the "functional" test of ERISA § 3(21) with respect to the Plan's holding of Mirant stock.

## SIXTH DEFENSE

Mr. Womack was not a member of the ESP Committee after on or about April, 2002, and thus while Mr. Womack denies that the ESP Committee or any of its members is liable to Plaintiff under ERISA, Mr. Womack cannot have liability for any actions taken by the ESP Committee after that date.

## SEVENTH DEFENSE

Neither Mr. Womack nor any other Defendant is liable to Plaintiff on a co-fiduciary liability theory because: (1) there was no breach of fiduciary duty by any fiduciary; (2) Defendants: (a) did not know and could not reasonably have known that any fiduciary breached fiduciary duties, (b) did not knowingly participate in a breach of fiduciary duty, (c) did not commit a fiduciary breach that enabled another fiduciary to breach a fiduciary duty; and (3) Mr. Womack is not a fiduciary with respect to the Plan's holding of Mirant stock.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they are based upon settlor or corporate actions by Defendants, which are not governed by ERISA.

## NINTH DEFENSE

Plaintiff's claims are barred because Defendants acted in good faith and did not induce, assist, participate in, or engage in, any act or omission that constitutes a violation of ERISA, or that is otherwise unlawful.

**TENTH DEFENSE**

Plaintiff's claims against those Defendants who were fiduciaries under ERISA are barred to the extent they are based on alleged actions <u>not</u> taken in a fiduciary capacity through the exercise of discretionary authority or control in administering the Plan, or in the management or disposition of the Plan's assets.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because those Defendants who were Plan fiduciaries acted in accordance with the terms of the Plan documents and ERISA.

**TWELFTH DEFENSE**

Plaintiff's claims against those Defendants who were fiduciaries under ERISA are barred because, to the extent any such Defendant exercised discretion regarding the Plan, such Defendants acted properly and within the scope of their discretion.

**THIRTEENTH DEFENSE**

Plaintiff's claims against those Defendants involved in administering the Plan are barred because those Defendants acted in accordance with the Plan documents and ERISA.

ATI-2207636v1

## FOURTEENTH DEFENSE

Because the design and terms of the Plan mandated inclusion of the closed Mirant Stock Fund, the conduct of those Defendants who were Plan fiduciaries regarding the Mirant Stock Fund is entitled to a presumption of prudence.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because the Plan constitutes a participant-directed individual account plan, within the meaning of ERISA § 404(c) and 29 CFR § 2550.404c-1, and because Defendants are relieved of liability under ERISA § 404(c) for any purported losses that are the direct and necessary result of investment instructions placed by a participant or beneficiary.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because under the Plan terms, participants—not any of the Defendants—had the right and obligation to determine when, prior to the Mirant Stock Fund's stated expiration date, to sell any investment they had in such fund.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because any decline in the price of Mirant common stock was caused not by any alleged act of Defendants, but by economic, market, or other forces, or independent intervening or superseding causes for which Defendants cannot be held liable.

ATI-2207636v1

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because he has not relied on any alleged misrepresentations or omissions purportedly made by any of the Defendants.

## NINETEENTH DEFENSE

Any remedies available to Plaintiff are limited to those provided by ERISA and as provided in the Court's Order dated October 4, 2005.

## TWENTIETH DEFENSE

Plaintiff's claims for monetary damages under ERISA § 502(a)(2) are barred because Plaintiff seeks individualized relief, rather than relief on behalf of the Plan as a whole.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for monetary damages under ERISA § 502(a)(3) are not cognizable because that Code section does not permit the relief that Plaintiff seeks, and the Court dismissed Plaintiff's identical claims alleged in the First Amended Complaint.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for monetary damages are barred because Plaintiff's damages, if any, are not caused by Mr. Womack's alleged actions or omissions, or the alleged actions or omissions of any other Defendant.

ATI-2207636v1

## TWENTY-THIRD DEFENSE

Plaintiff's claims for monetary damages are barred because any recovery by Plaintiff against Defendants would constitute unjust enrichment and/or may constitute an impermissible double recovery.

## TWENTY-FOURTH DEFENSE

Plaintiff's equitable claim for breach of fiduciary duty under ERISA §§ 502(a)(2) or 502(a)(3) is barred because (while no such breach occurred), Plaintiff would have an adequate remedy in a claim for plan benefits under ERISA § 502(a)(1)(B).

## TWENTY-FIFTH DEFENSE

Plaintiff's claims for monetary damages are barred to the extent they are based on Mirant common stock not sold during the Putative Class Period because no legally cognizable damages have been incurred with respect to such stock.

## TWENTY-SIXTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by Plaintiff's lack of standing to assert such claims.

## TWENTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by the doctrines of estoppel, laches, waiver, acquiescence, and/or ratification.

ATI-2207636v1

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by the applicable statute of limitations.

## TWENTY-NINTH DEFENSE

The Complaint fails to define adequately any class of persons who could properly prosecute this action as a class action, fails to allege any claim that can be prosecuted as a class action, and otherwise fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

Plaintiff's putative class action allegations are barred because he cannot satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, in that: the questions of law and fact presented by Plaintiff's claims are not common to the members of the putative class, the claims of the named Plaintiff are not typical of the claims of the putative class members, and the named Plaintiff will not and cannot fairly and adequately protect the interests of the putative class members.

## THIRTY-FIRST DEFENSE

Plaintiff's putative class action allegations are barred because Plaintiff cannot satisfy the requirements of Rule 23(b)(1) of the Federal Rules of Civil Procedure, in that: separate actions by individual class members would not create a

78

ATI-2207636v1

risk of inconsistent or varying adjudications that would establish incompatible

standards of conduct for Defendants, and adjudications with regard to individual

members of the class would not, as a practical matter, be dispositive of the interests

of the other class members who are not parties and would not substantially impair

or impede prior ability to protect their interests.

## <u>THIRTY-SECOND DEFENSE</u>

Plaintiff's putative class action allegations are barred because Plaintiff

cannot satisfy the requirements of Rule 23(b)(2) of the Federal Rules of Civil

Procedure, in that: no class-wide injunctive or declaratory relief is appropriate

under the claims pled by Plaintiff, particularly given that, should Plaintiff prevail,

there is an adequate remedy at law; neither Plaintiff nor the putative class members

are at risk of suffering any irreparable harm; the predominant relief sought by

Plaintiff is monetary damages; and the putative class is neither homogeneous nor

cohesive.

## <u>THIRTY-THIRD DEFENSE</u>

Plaintiff's putative class action allegations are barred because Plaintiff

cannot satisfy the requirements of Rule 23(b)(3) of the Federal Rules of Civil

Procedure, in that: there are no questions of law or fact common to the members of

the putative class that predominate over questions affecting only individual

members, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy made the subject of this case.

## THIRTY-FOURTH DEFENSE

Plaintiff's putative class action allegations are barred because, in accordance with ERISA § 404(c), each participant who received any Mirant shares in a Plan account made an individual determination of whether to hold or sell those shares, and if applicable, when to sell.

## THIRTY-FIFTH DEFENSE

Plaintiff's putative class action allegations are barred because any individual Plan participant could bring an individual suit under ERISA to pursue relief on behalf of the Plan.

## THIRTY-SIXTH DEFENSE

Mr. Womack reserves the right to assert any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Mr. Womack prays for a judgment:

(1)     in favor of Defendants, including Mr. Womack, and against Plaintiff on each and every count asserted in the Complaint;

ATI-2207636v1

(2)     awarding Defendants, including Mr. Womack, costs and attorneys'

fees incurred in this action;

(3)     denying class certification; and

(4)     for such other and further relief as the Court deems just and proper.

Dated:  January 13, 2006                     Respectfully submitted,

/s/ David M. Monde

G. Lee Garrett, Jr.
  (Georgia Bar No. 286519)
David M. Monde
  (Georgia Bar No. 515710)
Robin A. Schmahl
  (Georgia Bar No. 629440)
JONES DAY
1420 Peachtree St., Suite 800
Atlanta, GA 30309
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
e-mails:   ggarrett@jonesday.com
               dmmonde@jonesday.com
               raschmahl@jonesday.com

-and-

James P. Baker
  (admitted *pro hac vice*)
Heather Reinschmidt
  (admitted *pro hac vice*)
JONES DAY

ATI-2207636v1

555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 629-3939
Facsimile:  (415) 875-5700
e-mails:   jpbaker@jonesday.com
                 hreinschmidt@jonesday.com

               -and-

J. Kirk Quillian
   (Georgia Bar No. 591150)
Bridget Bobick
   (Georgia Bar No. 065014)
Jaime L. Theriot
   (Georgia Bar No. 497652)
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308
Telephone:  (404) 885-3000
Facsimile:  (404) 885-3900
e-mails:   kirk.quillian@troutmansanders.com
                 bridget.bobick@troutmansanders.com
                 jaime.theriot@troutmansanders.com

ATI-2207636v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the within and foregoing

**CHRISTOPHER C. WOMACK'S ANSWER TO SECOND AMENDED**

**COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF

system, which automatically serves notification of such filing to the following

counsel of record:

> **Law Office of Joshua A. Millican, P.C.**
> Joshua A. Millican, Esq.
> joshua.milican@lawofficepc.com
>
> **Schiffrin & Barroway LLP**
> Richard S. Schiffrin, Esq.
> rschiffrin@sbclasslaw.com
> Joseph H. Meltzer, Esq.
> jmeltzer@sbclasslaw.com
>
> **Keller Rohrback L.L.P.**
> Lynn Sarko, Esq.
> lsarko@kellerrohrback.com
> Derek W. Loeser, Esq.
> dloeser@kellerrohrback.com

This 13th day of January, 2006.

> /s/ David M. Monde
> An Attorney for Defendants