FILED IN CHAMBERS
U S D C Atlanta

AUG 14 2007

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARK T. SPIVEY, Individually and on behalf of a class of all others similarly situated, | CIVIL ACTION NO. 1:04-cv-1912-RWS |
| Plaintiff, | |
| v. | |
| SOUTHERN COMPANY, et al., | |
| Defendants | |

## ORDER AND FINAL JUDGMENT

This action came on for a final hearing, held on August 14, 2007, on a proposed settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Class Action Settlement Agreement dated May 10, 2007 (the "Agreement").

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class

A II-2283498v3

3.  The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its judgment, and orders that the Agreement shall be herewith effective, binding, and enforced according to its terms and conditions.

4.  The Court determines that Plaintiff is asserting, among others, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). See *Mass Mutual Life Ins Co v Russell*, 473 U.S. 134 (1985).

5.  The Court determines that the Settlement, which includes the payment of $15 million by the Southern Defendants' applicable fiduciary liability insurance carriers, has been negotiated vigorously and at arm's length by Plaintiff and Class Counsel, and further finds that, at all times, Plaintiff has acted independently and that his interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

6   The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiff and the Settlement Class and that the Plan

does not have any additional claims above and beyond those asserted by Plaintiff that are released as a result of the Settlement  The Court further finds that the Plan engaged an independent fiduciary to review the Settlement, and that such fiduciary has authorized the Plan to give the release provided for in the Agreement. [Docket #149]

7  The Court determines that the Settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan Participants, and Beneficiaries.

8  Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U S C. §§ 1106(a) or (b)  Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39.  68 Fed. Reg. 75632 (2003).

9  The Court determines that the form of notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice form

practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such notice form provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as follows:

> All persons who were participants in or beneficiaries of the Southern Company Employee Savings Plan (the "Plan") at any time between April 2, 2001 and July 26, 2006 (the "Class Period") and whose Plan accounts held Mirant Stock in the Plan's Mirant Stock Fund, excluding the Southern Defendants and their Immediate Family, beneficiaries, alternate payees, Representatives, or Successors-in-Interest in connection with their accounts in the Plan (the "Settlement Class")

Such a class meets the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23

11   The Court hereby dismisses the Second Amended ERISA Complaint and the Action against all Defendants with prejudice on the merits based on the Settlement.

12   As of the Effective Date, the Plaintiff, the Plan, and each member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

13   All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

14.   The litigation and notice expenses incurred by Class Counsel in the course of prosecuting this action are reasonable  Accordingly, Class Counsel is awarded expenses in the amount of $69,155.08, to be paid from the Class Settlement Amount.

15.   The attorneys' fees sought by Class Counsel are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in

this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases

16    Class Counsel is awarded attorneys' fees in the amount of $4,125,000.00 (27 5%), payable from the Class Settlement Amount

17    Class Counsel's request for a Case Contribution Award for the Named Plaintiff in the amount of five thousand dollars ($5,000.00) in recognition of his efforts in assisting in the prosecution of this Action is hereby acknowledged Accordingly, the Named Plaintiff is hereby awarded a Case Contribution Award of $5,000 00, payable from the Class Settlement Amount.

18.   The Plan of Allocation for the Class Settlement Amount established pursuant to Section 9 3 of the Agreement and attached hereto as Exhibit A, is approved as fair, reasonable and adequate. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

19    The Court finds that the payment and distribution of the Class Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

20. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _14th_ day of _August_, 2007.

_____
Richard W. Story
United States District Court Judge

**EXHIBIT A**

## **EXHIBIT A**

## **PLAN OF ALLOCATION**

I **Definitions**

    A    All capitalized terms shall have the same meaning as they are given in the Class Action Settlement Agreement ("Settlement Agreement"), unless specifically set forth otherwise in this Plan of Allocation In addition, the following definitions shall apply to the Plan of Allocation

        1    "**Account**" means the account maintained on behalf of a Class Member in the Plan For Class Members who are Current Plan Participants, "Account" means the account in place for him or her from time to time within the Plan, beginning with the first day of the Class Period up through the date of allocation under this Plan of Allocation For Class Members who are Former Plan Participants, "Account" means the account that was in place for him or her from time to time within the Plan, beginning with the first day of the Class Period up through the date that the Former Plan Participant received a complete distribution from the Plan, or the date his or her Account was transferred to another plan

        2    "**Claims Administrator**" means the qualified person or entity retained by Class Counsel to calculate and allocate amongst the Settlement Class the Class Settlement Amount, as provided for in § 8 1 5 of the Settlement Agreement

        3    "**Class Member**" means a person in the Settlement Class

        4    "**Current Plan Participant**" means (i) a Class Member whose Account held Mirant Stock in the Mirant Stock Fund during the Class Period and who, as of the Reference Date, is either employed by a subsidiary of Southern or who, while no

ATI-2283488\3

longer employed by a subsidiary of Southern, has not received a complete distribution from the Plan, and (ii) a beneficiary or beneficiaries such a Current Plan Participant

5 **"Former Plan Participant"** means (i) a Class Member whose Account held Mirant Stock in the Mirant Stock Fund during the Class Period and who, as of the Reference Date, is not a Current Plan Participant, and (ii) a beneficiary or beneficiaries of such a Former Plan Participant

6 **"Third Party Administrator"** means Merrill Lynch, Pierce, Fenner & Smith Inc

7 **"Reference Date"** means the date not less than fifteen (15) business days before the expected allocation date in connection with this Plan of Allocation

8 **"Unlocatable Class Member"** means a Class Member who, despite reasonable efforts, cannot be located by the Claims Administrator by the Reference Date

## II Calculation of Allocation

A  As soon as administratively feasible after the Effective Date of the Settlement, the Claims Administrator shall calculate the share of the Class Settlement Amount of each Class Member according to the following methodology

B  For each Class Member, the Claims Administrator shall determine an amount ("Net Loss") as follows

1  Net Loss = A-B, where, for each Class Member's Account

2  A = the total dollar value of the Class Member's balance, as recorded by the Plan, in Mirant Stock in the Mirant Stock Fund on April 2, 2001, or the first day the

Class Member received Mirant stock in the Mirant Stock Fund in his or her Account attributable to the first day of the Settlement Class Period, and

3. B = the sum of the dollar amounts, as recorded by the Plan, of any disposition of Mirant Stock in the Mirant Stock Fund during the Class Period (net of commissions), including any final disposition by liquidation of Mirant Stock in the Mirant Stock Fund effective as of June 30, 2006 (based on the proceeds from the liquidation of the Mirant Stock Fund posted to the participant's account on July 26, 2006).

C. The Net Loss of each individual Class Member will be totaled to yield the loss of the Plan as a whole over the Class Period (the "Plan Loss").

D. The Claims Administrator shall calculate for each Class Member his or her "Preliminary Fractional Share" of the Plan Loss, which shall be the same percent of the Class Settlement Amount as his or her Net Loss bears to the Plan Loss, derived by dividing each Class Member's Net Loss by the Plan Loss.

E. The Claims Administrator shall then calculate for each Class Member his or her "Preliminary Dollar Recovery" of the Net Settlement Amount by multiplying the Class Member's Preliminary Fractional Share by the Class Settlement Amount.

F. The Claims Administrator shall identify all Class Members whose Preliminary Dollar Recovery is greater than zero but less than ten dollars ($10.00) (the "De Minimis Amount"). The Net Loss of all such Class Members shall be deemed to be zero and no payments will be made to such Class Members (the "De Minimis Loss Participants"). The Claims Administrator will return the Preliminary Dollar Recovery of the De Minimis Loss Participants to the Class Settlement Amount for

distribution to other Class Members whose share of the Class Settlement Amount was preliminarily calculated to be ten dollars ($10) or greater

G.  The Claims Administrator shall then, taking into account the return into the Class Settlement Amount of the Preliminary Dollar Recovery of the De Minimis Loss Participants, recalculate the Preliminary Fractional Shares and the Preliminary Dollar Recoveries to arrive at the "Final Fractional Share" and the "Final Dollar Recovery" for each Class Member (the "Final Payment Calculation"). The sum of the Final Dollar Recoveries must equal the Class Settlement Amount.

H.  Any portion of the Class Settlement Amount due to Unlocatable Class Members shall be administered in accordance with the Plan's procedures regarding missing participants.

I.  The Claims Administrator shall perform the calculation of the allocation in the manner set forth above and approved by the Court. If the Claims Administrator believes that it is necessary to modify the calculation in any manner, the Claims Administrator shall notify Class Counsel and Defendants. Class Counsel shall confer with the Claims Administrator regarding whether a request for modification to the Court is necessary, and if so, make such request by motion. The Claims Administrator shall not make any change to or deviate from the calculation of allocation described in this Section II, or to the other provisions of this Plan of Allocation, without Court approval.

III. **Distribution of the Final Dollar Recoveries**

A.  As soon as practicable after the Claims Administrator completes the Final Payment Calculation, Class Counsel shall cause the Class Settlement Amount to be paid into

ATI-2283488v2

the Plan by wire transfer to the Third Party Administrator. No less than fifteen (15) business days prior to such payment, the Claims Administrator shall obtain the Third Party Administrator's approval in writing that it can administer the Final Payment Calculation upon receipt of such payment, and Class Counsel shall not cause the transfer of the Class Settlement Amount to the Third Party Administrator until such approval is given. The Plan shall not be deemed to have taken control of the Class Settlement Amount until the conditions of the two foregoing sentences have been satisfied.

B.  Distributions to Current Plan Participants. As promptly as possible after deposit of the Class Settlement Amount into the Plan, the Third Party Administrator shall deposit into each Current Plan Participant's Account his or her Final Dollar Recovery. The Final Dollar Recovery shall be deposited into each Current Plan Participant's Account based on the investment direction on file, or if there is no investment direction on file, into the Retirement Preservation Trust investment fund option, pending receipt of investment direction from the Current Plan Participant.

C.  Distributions to Former Plan Participants. With respect to Former Plan Participants who withdrew their Accounts after the beginning of the Settlement Class Period but prior to the entry of the instant Order, the Final Dollar Recovery shall be deposited into a Plan Account to be established for each Former Plan Participant based on the last investment direction on file, or if there is no investment direction on file, into the Retirement Preservation Trust investment fund option, pending receipt of investment direction from the Former Plan Participant. If the Final Dollar Recovery proceeds do

ATI-2283488v3

not exceed $5,000, they will be distributed to the Former Plan Participant in accordance with Plan rules

D    The Claims Administrator shall, in the course of calculating the allocations, from time to time consult with Class Counsel  Fifteen (15) business days prior to payment of the Class Settlement Amount into the Plan, the Claims Administrator shall provide to Class Counsel the Final Dollar Recoveries, the methodology used in calculating as well as a sampling of the summaries, compilations, calculations, or tabulations of the claims and amounts described herein, including a complete listing setting out the amount of allocations to each Class Member